UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALESIA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1318 LMB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's decision denying the application of Alesia Brown for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income (SSI) benefits under Title XVI of the Act. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Currently pending is Defendant's Motion to Dismiss and Declaration of Donald V. Ortiz Filed in Support Thereof. (Document Number 10). Plaintiff has filed a Response. (Doc. No. 11).

In his motion, defendant requests that the court dismiss plaintiff's complaint because plaintiff has failed to exhaust her administrative appeal remedies with respect to her claim for benefits. Specifically, defendant claims that plaintiff filed the instant action before the Appeals Council ruled on plaintiff's filed exceptions to the ALJ's decision. Defendant contends that plaintiff therefore has not yet obtained a judicially reviewable "final decision."

Defendant has attached the Declaration of Donald V. Ortiz, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration

-1-

("SSA"), which sets forth the relevant procedural history in this matter. Plaintiff filed an application for Title II and Title XVI benefits on December 27, 2002. Both applications were denied at all administrative levels and plaintiff filed a civil action in the United States District Court for the Eastern District of Missouri. The court remanded the case for further proceedings on March 8, 2010 and the case was sent to an ALJ who held a supplemental hearing and issued an unfavorable decision on October 28, 2010. In a letter dated July 27, 2011, plaintiff's attorney stated that he and the claimant had not received the decision of the ALJ until July 22, 2011. He also submitted exceptions to the decision of the ALJ, for consideration and review by the Appeals Council, which were considered as timely filed. On July 27, 2011, before the Appeals Council ruled on the filed exceptions, a civil action was filed in the United States District Court for the Eastern District of Missouri.

In her Response, plaintiff states that defendant's motion and attached exhibit informed plaintiff that the Appeals Council considers plaintiff's exceptions to the most recent ALJ decision to have been timely filed. Plaintiff states that she is satisfied that the Appeals Council is considering plaintiff's exceptions on the merits, and that plaintiff has therefore not yet exhausted her administrative remedies. Plaintiff states that she does not object to defendant's motion to dismiss for lack of jurisdiction, provided that such dismissal is without prejudice.

Sections 405(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), authorize judicial review in cases arising under Titles II and XVI of the Social Security Act. These provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g). Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). The SSA regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a) and 416.1400(a).

Under SSA regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. §§ 404.902 and 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 404.907 and 416.1407. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. 20 C.F.R. §§ 404.929 and 416.1429. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. §§ 404.967 and 416.1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Appeals Council may grant the request for review and issue its own decision. 20 C.F.R. §§ 404.981 and 416.1481. In either event, the claimant may then seek

judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council's action. Id.

The regulations state that "[w]hen you have completed the steps of the administrative review process..., we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. §§ 404.900(a)(5) and 416.1400(a)(5). Finally, the regulations warn that "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review." 20 C.F.R. §§ 404.900(b) and 416.1400(b).

Under SSA regulations, "[w]hen a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. §§ 404.983, 416.1483. If a claimant disagrees with the ALJ's new decision after remand from the Federal court, she may file exceptions with the Appeals Council. See 20 C.F.R. §§ 404.984(b)(1), 416.1484(b)(1).

If written exceptions are timely filed, the Appeals Council will consider the reasons the claimant disagrees with the decision of the ALJ and all the issues presented in the case. See id. at §§ 404.984(b)(2), 416.1484(b)(2). The Appeals Council will then either find that no change of the ALJ's decision is warranted, or it will assume jurisdiction and affirm, modify, or reverse the decision of the ALJ. See id. at §§ 404.984(b), 416.1484(b). When the Appeals Council declines to change the decision of the ALJ, the decision of the ALJ is the final decision of the Commissioner after

remand.  See id.  When the Appeals Council assumes jurisdiction, the Appeals Council's decision is the final decision of the Commissioner.  See id.

Because plaintiff has not obtained a judicially reviewable final decision, this court lacks jurisdiction to hear her appeal at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (Doc. No. 10) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint be and it is **dismissed without prejudice.**


Dated this  6th  day of April, 2012.

                                          LEWIS M. BLANTON
                                          UNITED STATES MAGISTRATE JUDGE